IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| BEACH FIRST NATIONAL BANK, | ) | C.A. 2:09-372-DCN-BM |
| and Trust Company of South Carolina, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MOTOR YACHT "BAD HABIT", | ) | **REPORT AND RECOMMENDATION** |
| (Official Number 1116541[1]), her engines, | ) | |
| boilers, bowspirit, anchor, cables, chains, | ) | |
| rigging, tackle, apparel, furniture, and all | ) | |
| accessories herunto appertaining and | ) | |
| belonging to her, *in rem*, and R.D. | ) | |
| WALKER CONSTRUCTION, INC., | ) | |
| RANDOLPH D. WALKER, AND | ) | |
| BEVERLY P. WALKER, *in personam*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on motion of the Plaintiff Beach First National Bank (hereinafter "Plaintiff"), for the Interlocutory Sale of BAD HABIT (hereinafter the "Vessel"), O.N. 1116541. Although the individual Defendants Randolph D. Walker and Beverly P. Walker (hereinafter "individual Defendants") filed answers to the Complaint on March 18, 2009, they have not filed any memorandum in opposition to the Plaintiff's motion for Interlocutory Sale. These two Defendants also attempted to answer on behalf of R.D. Walker

---

[1] Although the caption lists the Official Number as 116541, this appears to be a scrivener's error and the correct number appears to be 1116541. See Complaint, p. 2; Order of Issuance of Warrant of Arrest; Individual Defendants' Answer, p. 2. **The Clerk is directed to correct the Official Number in the caption to 1116541.**



Construction, Inc.; however, the Court advised the parties by order filed April 1, 2009, that R.D. Walker Construction, Inc. (hereinafter "corporate Defendant") may not appear *pro se* or be represented by a *pro se* litigant. Despite being given thirty-four days to apprise the Court if it has obtained counsel, no such notice has been filed and no appearance on behalf of the corporate Defendant has been entered. Further, to date the Defendants have made no effort to secure the release of the Vessel. Accordingly, Plaintiff's current motion for the Interlocutory Sale of the Vessel is unopposed, and is now ready for disposition.

## BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff represents to the Court in its verified Complaint that payments on its Promissory Note and Preferred Ship Mortgage are in arrears, and has submitted exhibits showing that the balance owed is Eighty Three Thousand One Hundred and Forty-Two Dollars and Forty-Three cents ($83,142.43), which represents principal and accrued interest, but not including the costs of this action, *custodial legis fees*, U.S. Marshal's charges, attorney's fees and other costs of collection and enforcement and to foreclose on a first preferred ship's mortgage on said vessel. See Verified Complaint, dated February 13, 2009; see also Bluestein Affidavit, ¶ 2. Plaintiff also represents that the cost of keeping the Vessel under arrest (as of date of the affidavit filed February 3, 2009) was in excess of Five Thousand ($5,000.00) Dollars. See Bluestein Affidavit, ¶ 7. In addition, Plaintiff asserts that each month that the Vessel remains under arrest, these expenses will continue to accrue. See also Supplement filed May 18, 2009.

The expenses to maintain and protect the said Vessel while in the custody of the Court are to be repaid out of the proceeds of the sale of the Vessel in priority to all claims, thus diminishing the funds remaining from the sale to pay the Plaintiff. Id. Furthermore, the amount



to be repaid to Plaintiff out of the proceeds of the sale of the Vessel is increasing each day, thereby substantially lessening the value of the arrested property each week the Vessel remains under arrest. Id. Finally, the Plaintiff has submitted an affidavit from Captain Joe Beasenburg, owner of Charleston Marine Service, LLC, which has been appointed by the Court as Substitute Custodian of the Vessel. See Beasenburg Affidavit, ¶¶ 1,2,5, and 6; see also Order Substituting Custodian February 17, 2009. Beasenburg attests that "[g]iven the Vessel's condition, the current market conditions for the selling of vessels and need for repairs, the fair market value of the Vessel is estimated at less than $89,500." See Beasenburg Affidavit, ¶¶ 12.

As previously noted, no efforts have been made to secure the release of the Vessel and no opposition to the sale of the Vessel has been filed.

**DISCUSSION**

On motion by any party or a person having custody of the property, the Court may order all or part of the property sold if:

(A)   the property is perishable, or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B)   the expense of keeping the property is excessive or disproportionate to its fair market value;

(C)   there is an unreasonable delay in securing the release of the property.

See Rule E 9(a)(i) of the Supplement Rules for Certain Admiralty and Maritime Claims.

Only one of the categories listed under Rule E 9(a)(i) need be present in order for a sale to be ordered. Silver Star Enterprises, Inc. v. M/V Sarmacca, 19 F.3d 1008, 1014 (5th Cir. 1994). With regard to (B), the expense of keeping the property being excessive or disproportionate, the record reflects that the value of the Vessel as attested to by Captain Beasenburg is already



insufficient to cover the amounts allegedly owed as set forth above, with the equity in the Vessel continuing to being depleted. Furthermore, storage costs and interest continue to accrue and further increase the amounts owed on the Vessel.

With regard to (C), whether there has been an unreasonable delay in securing the release of the property, "[c]ourts have determined an unreasonable time to include time periods from eight months down to four months", citing Silver Star Enterprises, Inc. v. M/V Sarmacca, supra [seven month delay is unreasonable]; see also Merchants Nat'l Bank v. Dredge Gen. G.L. Gillespie, 663 F.2d 1338, 1341-1342 (5th Cir. 1981)[holding that failure to secure the release of the vessel during the eight months after arrest constituted an unreasonable delay], cert. dismissed, 456 U.S. 966 (1982); see also Ferrous Fin. Serv. Co. v. O/S Arctic Producer, 567 F.Supp. 400, 401 (W.D.Wash. 1983)[holding that the failure to secure the release of a vessel during the four months after arrest constituted an unreasonable delay]. Here, the Vessel was arrested on February 23, 2009. Since the expense of maintaining the vessel in storage increases daily, while the equity in the vessel is being depleted, the undersigned finds that any further delay in securing the release of the property would be unreasonable, particularly in light of the fact that the natural Defendants have not contested the motion for Interlocutory sale, while the corporate Defendant has not even filed a responsive pleading.

## **CONCLUSION**

Based upon the foregoing, it is recommended that the Plaintiff's Motion for Interlocutory Sale of the Vessel be **granted**, and that the United States Marshal be directed to publish notice of the sale in the form and manner required on at least three (3) occasions in the Beaufort Gazette Newspaper prior to the date of the said sale. The reasonable cost of such advertising



should constitute an *in custodia legis* expense taxable from the proceeds of the sale.  Said Notice shall specify the time and place of the sale, and that prospective buyers, may, on application to the Marshal or Substitute Custodian and at such times and manner as the Marshal or Substitute Custodian may direct, view the Vessel and her engines, tackle, apparel and appurtenances at their own risk for the purpose of inspection;

The Court's Order should further specify that the sale of the Vessel and her engines, tackle, apparel, and appurtences will be to the highest and best bidder and that said bidder will be required to deliver to the Marshal, at the time of the sale ten (10) percent of the bid price in cash, cashier's check or certified check, and within two (2) days of the date of the sale the remaining ninety (90) percent of the bid price in cash, cashier's check or certified check, with the acceptance of all cashier's checks conditioned on their payment;

That at least twenty-four (24) hours prior to the date of the Interlocutory Sale, the Interlocutory Sale may be cancelled by agreement of the parties to the action;

That any person disrupting the sale or violating the terms of the order shall be subject to sanctions of this Court and that the United States Marshal shall be entailed to qualify potential bidders as possessing the financial ability to deliver to the United States Marshal the full amount of their bid;

That if the successful bidder at such sale fails to deliver to the United States Marshal the full amount of their bid, the Marshal, the successful bidder or any party to this action may move the Court for relief, which motion for relief shall be heard summarily, upon written notice of the Marshal, the successful bidder and all parties to this action;



That all court costs, Marshal's fees and expenses, substitute custodian fees, clerk's fees, taxes, and costs of sale, shall be deducted from the proceeds of the sale; and

That the Marshal shall bring and deposit the proceeds of said sale into the registry of this Court pending the further disposition of this action.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 19, 2009
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

