IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BEACH FIRST NATIONAL BANK, | C/A No. 2:09-372 DCN |
| Plaintiff, | |
| vs. | **O R D E R** |
| MOTOR YACHT "BAD HABIT" (Official Number 1116541), her engines, boilers, bowspirit, anchor, cables, chains, rigging, tackle, apparel, furniture, and all accessories hereunto appertaining and belonging to her, *in rem*, and R.D. WALKER CONSTRUCTION, INC., RANDOLPH D. WALKER, and BEVERLY P. WALKER, *in personam*, | |
| Defendants. | |

The above referenced case is before this court upon the magistrate judge's recommendation that the plaintiff's Motion for Interlocutory Sale of the Vessel be granted.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  No objections have been filed to the magistrate judge's

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's

report and recommendation, however, the plaintiff filed a response on June 3, 2009 requesting that it be permitted to credit bid its mortgage at the sale.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **affirmed**, and the plaintiff's Motion for Interlocutory Sale of the Vessel is **granted**.

It is further **ORDERED** that the United States Marshal publish notice of the sale in the form and manner required on at least three (3) occasions in the Beaufort Gazette newspaper prior to the date of the said sale. The reasonable cost of such advertising should constitute an *in custodia legis* expense taxable from the proceeds of the sale. Said notice shall specify the time and place of the sale, and that prospective buyers, may, on application to the Marshal or Substitute Custodian and at such times and manner as the Marshal or Substitute Custodian may direct, view the Vessel and her engines, tackle, apparel and appurtenances at their own risk for the purpose of inspection.

It is further **ORDERED** that the sale of the Vessel and her engines, tackle, apparel, and appurtenances will be to the highest and best bidder and that said bidder will be required to deliver to the Marshal, at the time of the sale ten (10) percent of the bid price in cash, cashier's check or certified check, and within two (2) days of the date of the sale the remaining ninety (90) percent of the bid price in cash, cashier's check or certified check, with the acceptance of all cashier's checks conditioned on their payment. The Interlocutory Sale may be cancelled by

---

report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

agreement of the parties to the action at least twenty-four (24) hours prior to the date of the Interlocutory Sale. Any person disrupting the sale or violating the terms of this order shall be subject to sanctions of this court and that the United States Marshal shall be entailed to qualify potential bidders as possessing the financial ability to deliver to the United States Marshal the full amount of their bid. If the successful bidder at such sale fails to deliver to the United States Marshal the full amount of their bid, the Marshal, the successful bidder or any party to this action may move the court for relief, which motion for relief shall be heard summarily, upon written notice of the Marshal, the successful bidder and all parties to this action.

It is further **ORDERED** that the Marshal's fees and expenses, substitute custodian fees, clerk's fees, taxes, and costs of sale, shall be deducted from the proceeds of the sale. The Marshall shall bring and deposit the proceeds of said sale into the registry of this court pending the further disposition of this action. The plaintiff is permitted to credit bid its mortgage at the sale.

**AND IT IS SO ORDERED**.

David C. Norton
Chief United States District Judge

Charleston, South Carolina
June 10, 2009

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.