IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BEACH FIRST NATIONAL BANK, | ) | Civil Action No.: 2:09-cv-372 DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MOTOR YACHT "BAD HABIT", | ) | |
| Official Number 116541, her engines, | ) | |
| bowspirit, anchor, cables, chains, | ) | REPORT AND RECOMMENDATION |
| rigging, tackle, apparel, furniture and all | ) | |
| accessories hereunto appertaining and | ) | |
| belonging to her, *in rem*, and R.D. | ) | |
| WALKER CONSTRUCTION, INC. | ) | |
| RANDOLPH D. WALKER, AND | ) | |
| BEVERLY P. WALKER, *in personam*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by the Plaintiff for breach of contract, default, and foreclosure of a maritime lien under the terms of a first preferred ship mortgage. The matter has been designated an admiralty and maritime claim within the meaning of Rule 9(h), Fed.R.Civ.P., and is governed by the Ship Mortgage Act, 46 U.S.C. § 31301 et. seq.

The individual Defendants Randolph D. Walker and Beverly P. Walker (hereinafter "Individual Defendants") filed a pro se answer to the Complaint on March 18, 2009.[1] No answer

---

[1]An Amended Complaint was filed by the Plaintiff on May 20, 2009. The Amended Complaint did not address any new claims or change a party, but dealt with a purported name change by the Corporate Defendant. Dandrea v. Malsbary Mfg. Co., 839 F.2d 163, 166-167 (3d Cir.
(continued...)

1



on the part of R. D. Walker Construction, Inc. (alleged by Plaintiff to now be doing business under the name Eastern Shore Construction, Inc.) has ever been filed.[2] By Order of the Court filed June 10, 2009, sale of the Motor Yacht at issue (the "Vessel") was ordered, with a second Order confirming the sale being entered on July 23, 2009.

On August 21, 2009, the Plaintiff filed a motion for summary judgment seeking judgment against the Corporate Defendant for the outstanding balance on the note secured by the first preferred ship mortgage on the Vessel, including attorney's fees and costs, all as is more fully set forth in Plaintiff's motion. Plaintiff also seeks to have all of the remaining proceeds from the sale of the Vessel paid to it from the registry of the Court. A Certificate of Service is attached to the motion showing service on the two Individual Defendants, as well as on the Corporate Defendant.[3] Even though the Corporate Defendant has failed to respond in this matter (although no affidavit of

---

[1](...continued)
1988)[discussing service requirements where Plaintiff "is not asking to change the corporation, or the entity, or the party against whom (Plaintiff) is making a claim; (Plaintiff) is proposing to amend a complaint against a single party to include that same party's current name."] The caption on the Amended Complaint does not include the Corporate Defendant's purported new name, but sets forth an allegation that the Corporate Defendant may have changed its name. See Amended Complaint, ¶ 6. It is unclear from the docket as to whether this Amended Complaint has ever been served, and neither of the Individual Defendants or the Corporate Defendant has filed a responsive pleading to the Amended Complaint.

[2]The two Individual Defendants had attempted to answer on behalf of the Corporate Defendant, but were advised by the Court on April 1, 2009 that a Corporate Defendant may not appear pro se or be represented by a pro se litigant. The Corporate Defendant was given thirty four (34) days to apprise the Court if it had obtained counsel and to file a responsive pleading, but no such notice was ever filed, no appearance on behalf of the Corporate Defendant has ever been entered, nor has the Corporate Defendant ever filed a responsive pleading.

[3]Cf. Kirby v. Memphis Security Co., No. 01-151, 2003 WL 22509412 at **5-6 (E.D.Tenn. Nov. 5, 2003)[discussing rule for service on parties who have not made an appearance]; see also Philipp Bros. (Cocoa), Inc. v. M/V Ocea, 144 F.R.D. 312, 314 (E.D.Va. 1992)["The rules for service in maritime actions correspond to those applicable in any other civil action."].



default has ever been submitted by the Plaintiff), since the two Individual Defendants did file a pro

se responsive pleading, the Court entered a Roseboro Order advising these Defendants of the

importance of a motion for summary judgment and of the need for them to file an adequate response.

The time for responding to the Plaintiff's motion has now expired, with no Defendant

having filed any response to the motion, which is now before the Court for disposition.[4]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that

judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the

opposing party must respond to the motion with "specific facts showing there is a genuine issue for

trial." Rule 56(e), Fed.R.Civ.P. As noted, no response to the motion has been received, and after

careful review and consideration of the arguments and evidence presented, the undersigned finds

and concludes that the Plaintiff is entitled to summary judgment in this case.

Plaintiff has submitted an affidavit from Johnny Brown, a Vice President with the

Plaintiff, wherein Brown attests that on or about March 20, 2006 the Defendant R. D. Walker

Construction, Inc. executed a Note promising to pay to the Plaintiff the principal sum of $89,500.00,

---

[4]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



with interest at the rate of 8.750% per annum in monthly payments of $1,128.10, payments to begin on April 20, 2006 with all remaining unpaid principal and interest due on March 20, 2009. A copy of this Note is attached to Brown's affidavit as Exhibit B. Brown further attests that the Note provides that R. D. Walker Construction, Inc. will be in default if it does not pay the full amount of each monthly payment when due, that the Defendant company failed to timely pay the Note when due, and that pursuant to the terms of the Note the Plaintiff is entitled to immediately require the Defendant company to pay all principal and interest due under the Note, with the Defendant company having been so notified. Brown attests that the Note also provides that the Plaintiff has the right to reimbursement for all costs and expenses incurred in enforcing the Note, including reasonable attorney's fees.

Brown attests that on or April 13, 2006, in order to secure payment of the Note, R. D. Walker Construction, Inc. executed a First Preferred Ship Mortgage on the Vessel, which was duly filed with the National Vessel Documentation Center, United States Coast Guard, in substantial compliance with the Ship Mortgage Act. A true and accurate copy of this mortgage is attached to Brown's affidavit as Exhibit C.

Brown attests that the Plaintiff fully performed its obligations under the Note and Mortgage, that the Defendant R. D. Walker Construction, Inc. has failed to make timely payments as required by the Note, and that the Corporate Defendant is therefore in default under the terms and conditions of the Note and those of the Mortgage. Brown attests that Plaintiff received twenty-seven payments from the Defendant during the time period of April 20, 2006 through June 23, 2008, totaling $29,890.31. Brown attests that Plaintiff has also incurred custodia legis expenses totaling $9,874.00, and that as of August 19, 2009, there remains due and owing on the Note the sum of

4



$90,218.01, which includes interest of $7,903.03, late charges of $507.69, and $81,807.29 in principal. Interest continues to accrue at the rate of $26.90 per day. Finally, Brown attests that the Plaintiff has also incurred legal fees and costs in the amount of $13,136.26, and that as of the date of the affidavit (August 20,2009), the Defendant R. D. Walker Construction, Inc. owes Plaintiff the sum of $103,354.27 in principal, collection costs and interest.

As noted, no Defendant has filed any opposition to the Plaintiff's motion for summary judgment, or submitted any evidence to dispute the documents and financial figures provided. Therefore, it is **recommended** that the Plaintiff's motion be granted, and that the Defendant R. D. Walker Construction, Inc. be found liable to the Plaintiff in the sum of $103,354.27, plus prejudgment interest, and the Plaintiff also be found entitled to have all of the remaining proceeds from the sale of the Vessel paid to it from the registry of the Court.

The parties are referred to the Notice Page attached hereto.[5]


_____
Bristow Marchant
United States Magistrate Judge

October 27, 2009

Charleston, South Carolina

---

[5]The Clerk is directed to mail this Report and Recommendation to both the two Individual Defendants, as well as to the Corporate Defendant at the address reflected in the service documents filed in this case. See Court Docket No. 19.



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

