IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BEACH FIRST NATIONAL BANK, | ) | C/A No. 2:09-372 DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MOTOR YACHT "BAD HABIT", Official Number 116541, her engines, bowspirit, anchor, cables, chains, rigging, tackle, apparel, furniture, and all accessories hereunto appertaining and belonging to her, *in rem*, and R.D. WALKER CONSTRUCTION, INC., RANDOLPH D. WALKER, and BEVERLY P.WALKER, *in personam*, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that plaintiff's motion for summary judgment be granted, defendant R.D. Walker Construction Inc be found liable to plaintiff in the sum of $103,354.27, plus prejudgment interest, and plaintiff also be found entitled to have all of the remaining proceeds from the sale of the Vessel paid to it from the registry of the Court.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those

objections at the appellate court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  No objections have been filed to the magistrate judge's report and recommendation.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, and plaintiff's Motion for Summary Judgment is **GRANTED**. Defendant R.D. Walker Construction is liable to plaintiff in the sum of $103,354.27, plus prejudgment interest, and plaintiff is entitled to have all of the remaining proceeds from the sale of the Vessel paid to it from the registry of the Court.

**AND IT IS SO ORDERED**.

Charleston, South Carolina
November 19, 2009

David C. Norton
Chief United States District Judge

### NOTICE OF RIGHT TO APPEAL
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.